IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL FISCHER,

    Plaintiff,                      No. 2: 12-cv-2595 MCE JFM (PC)

    vs.

DAWN T. ALGERS, et al.,

    Defendants.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see id. at 93-94, and construe the pleading in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's complaint asserts claims arising when he was incarcerated both at the California Men's Colony which is located in San Luis Obispo, California and the Mule Creek State Prison which is located in Ione, California. While Mule Creek State Prison is within the Eastern District of California, California Men's Colony is located in the Central District of California. Nevertheless, Federal Rule of Civil Procedure 20(a)(2) states that persons may be joined as defendants in one action if the right asserted against them arises from the same

1 transaction or occurrence, and any questions of law or fact common to all defendants will arise
2 in the action.  In this case, plaintiff's claims against the Mule Creek State Prison defendants arise
3 from the care (or lack thereof) plaintiff received in relation to his shoulder injury and pain.
4 Comparatively, plaintiff's claims against the California Men's Colony defendants do not arise
5 from this same transaction or occurrence.  Thus, as the California Men's Colony is located in the
6 Central District of California and the claims against those defendants do not arise from the same
7 transaction or occurrence against the Mule Creek State Prison defendants, venue is improper as
8 to the California Men's Colony defendants in this district.  Should plaintiff wish to pursue his
9 claims against the California Men's Colony defendants, he should do so by filing a complaint in
10 the Central District of California.

11         Next, the court finds the allegations in plaintiff's complaint as to the Mule Creek
12 State defendants so vague and conclusory that it is unable to determine whether the current
13 action is frivolous or fails to state a claim for relief.  The court has determined that the complaint
14 does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the
15 Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the
16 elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649
17 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which
18 defendants engaged in that support plaintiff's claim.  See id.

19         First, plaintiff is cautioned that claims brought against officials who review
20 plaintiff's grievances cannot form the basis for a § 1983 action.  See Smith v. Calderon, Civ. No.
21 99-2036, 1999 WL 1051947 (N.D. Cal. Nov. 10, 1999) (finding that failure to properly process
22 grievances did not violate any constitutional right); Cage v. Cambra, Civ. No. 96-2484, 1996 WL
23 506863 (N.D. Cal. Aug. 19, 1996) (concluding that prison officials' failure to properly process
24 and address grievances does not support constitutional claim); Murray v. Marshall, Civ. No. 94-
25 285, 1994 WL 245967 (N.D. Cal. May 26, 1994) (concluding that prisoner's claim that
26 grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do,

however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

Additionally, the court notes that when prison officials are deliberately indifferent to the serious medical needs of those under their control, the Eighth Amendment proscription against cruel and unusual punishment is violated. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of deliberate indifference requires an examination of two elements: (1) the seriousness of the prisoner's medical needs; and (2) the nature of the defendant's response to that need. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). To establish deliberate indifference, the prison official must know of, and disregard, an excessive risk to the patient's health and safety. See Toguchi v. Chung, 391 F.3d 1051, 1057-58 (9th Cir. 2004). The prison official must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, but actually draw the inference. Id.

The Civil Rights Act under which this action is filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statue requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named

4

defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2) as well as the fact that venue is improper against the California Men's Colony defendants, the complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298

(1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Finally, plaintiff requests the United States Marshal to serve the summons and complaint on the defendants. However, in light of the dismissal of the complaint with leave to amend, these motions will be denied as moot.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2.) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff may complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion for the appointment of counsel (Dkt. No. 3.) is DENIED; and

6. Plaintiff's motions to have the United States Marshal serve the summons and complaint (Dkt. Nos. 4 & 9.) are DENIED AS MOOT.

DATED: January 14, 2013.

_/s/ John F. Moulds_
UNITED STATES MAGISTRATE JUDGE

14
fisc2595.14new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FISCHER, | |
| Plaintiff, | No. 2: 12-cv-2595 MCE JFM (PC) |
| vs. | |
| DAWN T. ALGERS, et al., | |
| Defendants. | NOTICE OF AMENDMENT |
| _____/ | |

Plaintiff hereby submits the following document in compliance with the court's order filed _____:

_____        Amended Complaint

DATED:


_____
Plaintiff