UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FISCHER,<br><br>    Plaintiff,<br><br>v.<br><br>DAWN T. ALGERS, et al.,<br><br>    Defendants. | No. 2:12-cv-02595 MCE CKD (PC)<br><br><br><br>ORDER |

I.    Introduction

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants, medical personnel employed at Mule Creek State Prison ("Mule Creek"), were deliberately indifferent to his serious medical needs when they failed to provide him with appropriate pain medication between March 16, 2012 and August 9, 2012, following his shoulder surgery. Am. Compl. Presently pending before the court are the following: (1) plaintiff's September 20, 2013 motion to compel (ECF No. 31); (2) plaintiff's December 19, 2013 and December 24, 2013 motions for extension of time (ECF Nos. 40, 42); and (3) plaintiff's December 19, 2013 request for a copy of his deposition transcript (ECF No. 41). For the reasons discussed below, plaintiff's motion to compel is denied, plaintiff's motions for extension of time are granted, and plaintiff's request for a copy of his deposition transcript is denied.

II.     Plaintiff's Motion to Compel

Plaintiff served defendants with requests for production of documents. Defendants responded to plaintiff's requests with objections and responses which plaintiff alleges are nonresponsive as to one request. Plaintiff attempted unsuccessfully to informally resolve the discovery dispute. He now moves to compel defendants to produce documents responsive to his request for production of documents number 7.

Plaintiff's request number 7 seeks "Any and all formal and informal complaints (including but not limited to 602 forms) against any defendant alleging indifference to physical pain and suffering, that is, denying proper pain management through medication, that occurred prior to March, 2012. (Including all written responses, appeals, reports, investigations and/or correspondence regarding the complaints) See No. 5 in instructions." Mot. at 6 (ECF No. 31). Defendants objected as follows:

> Objection. The request is overbroad as to time and is over burdensome. The request further violates the privacy rights of the person(s) who submitted the complaint, if any. The request further is not calculated to lead to the discovery of admissible evidence.

Id.

Plaintiff contends that production of all formal and informal complaints, including 602 appeals, against defendants alleging indifference to physical pain are relevant to defendants' conduct. Reply at 8 (ECF No. 36) (citing Fed. R. Evid. 404(b)(2)). Plaintiff addressed defendants' overbreadth objection in an August 26, 2013 letter to defendants, stating that he seeks documents "for each defendant prior to March 1, 2012." Mot. at 3. In other words, plaintiff seeks documents from the date defendants became employed at Mule Creek through March 1, 2012. Thus, for defendant Galloway the date range is February 1, 2003 to March 1, 2012; for defendant Clark-Barlow the date range is February 11, 2006 to March 1, 2012; and for defendant Todd the date range is June 1, 2000 to March 1, 2012. Id. Finally, plaintiff clarified that he is not seeking the identity of the inmates who filed the 602 grievances and this information can be redacted to protect the privacy of the individuals who filed the grievances. Reply at 9-10.

/////

Defendants counter that, despite plaintiff's clarification, plaintiff's request is overbroad as to time. Defendants argue that plaintiff's request is burdensome because it requires defendants to conduct a search of the central files of more than 3,000 inmates housed at Mule Creek over a twelve year period. Defendants contend that the burden and expense of searching the files of approximately 3,000 inmates outweighs the potential discovery of responsive documents. Defendants also believe the information is not relevant to plaintiff's allegations of deliberate indifference to serious medical needs. Finally, defendants argue that production of inmate files poses a potential security risk and jeopardizes the confidentiality of other inmates' records.

Litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). For these purposes relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) (citation omitted). Although admissibility at trial is not the standard for discovery disputes, the material sought must have some evidentiary value. Martinez v. Cornell Corrections of Texas, 229 F.R.D. 215, 218 (D.N.M. 2005). District courts have broad discretion in determining relevancy for discovery purposes. Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005).

> When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance . . . *or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure*. Conversely, when the relevancy of the discovery is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.

Cardenas v. Dorel Juvenile Grp., Inc., 232 F.R.D. 377, 382-83 (D. Kan. 2005) (emphasis added).

Defendants' main argument is that production of the requested documents would be substantially burdensome because of the cost involved in locating the responsive documents. The scope of discovery may be limited if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Defendants aver that because of the manner in which administrative grievances are maintained, locating grievances that are responsive to plaintiff's complaint would entail reviewing "each and every 602 form submitted at" Mule Creek by the approximately 3,000 inmates housed at the prison. Opp'n at 4 (ECF No. 32) (explaining that 602 grievances are not kept in the personnel files of Mule Creek employees, and are not indexed by the nature of the complaint (i.e. deliberate indifference to medical needs)). Defendants argue that, given the timeframe requested by plaintiff, "a total of at least twenty-one thousand six hundred 602 forms kept in inmates' Central Files would have to be reviewed" in order to determine whether they meet the criteria outlined in plaintiff's request. Id. Defendants estimate that the cost of reviewing 602 grievances dating back twelve years would be approximately $12,000. Id. at 5.

Defendants' objections on the grounds of burden and overbreadth are reasonable. Here, each defendant has declared that, other than this lawsuit, they have not been sued by any inmates with regard to decisions made by them concerning pain medication to be provided. Galloway Decl. ¶ 3; Todd Decl. ¶ 4; Clark-Barlow Decl. ¶ 4. Therefore, no formal complaints responsive to plaintiff's request for production exist and the only responsive documents are 602 grievance forms submitted by inmates.[1] The court finds that the documents sought by plaintiff are, at best, marginally relevant to his Eighth Amendment claim. Accordingly, the expense and burden of searching every inmate file at Mule Creek outweighs the likely benefit of discovery of the documents in question. Fed. R. Civ. P. 26(b)(2)(C)(iii). This is particularly true given defendants' representations that they have not been the subject of any other formal complaints concerning pain medication provided to inmates.

Therefore, plaintiff's motion to compel a response to request number 7 is denied.

III.     Motions for Extension of Time

On December 19, 2013 and December 24, 2013, plaintiff filed a motion for extension of time to file an opposition to defendants' motion for summary judgment. ECF Nos. 40, 42.

---

[1] One remaining responsive document is a CDCR form 22 complaint. However, records of these complaints are only kept for one year. Thus, CDCR form 22 complaints submitted prior to March 2012 are no longer available. See Altschuler Decl. ¶ 9 ("Beginning on February 28, 2011, [Mule Creek] also used a CDCR form 22 for inmates to submit complaints. At [Mule Creek], CDCR form 22 complaints are kept for one year.").

4

Plaintiff also requests the court to issue an amended scheduling order. ECF No. 40. Plaintiff states that he is awaiting the court's ruling on his motion to compel before he can proceed with the filing of his opposition. Id. Good cause appearing, plaintiff's motions for extension of time are granted. Plaintiff shall have forty-five days from the date of this order in which to file an opposition to defendants' motion for summary judgment.

Plaintiff's request for an amended scheduling order is denied. See Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause"); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

IV. Request for a Copy of Plaintiff's Deposition Transcript

On December 19, 2013, plaintiff filed a request for a copy of his deposition transcript which was lodged by defendants on December 12, 2013, pursuant to Local Rule 133(j). ECF No. 41; see also ECF No. 38.

Under Rule 30(f)(3) of the Federal Rules of Civil Procedure, the officer before whom a deposition is taken must retain stenographic notes of the proceedings or a copy of the recording of a deposition taken by different method. The officer must also provide a copy of the transcript to any party or to the deponent upon payment of reasonable charges therefor. The court will not provide plaintiff with a copy of his deposition transcript. Plaintiff must obtain it from the officer before whom the deposition was taken. Therefore, plaintiff's request for a copy of his deposition transcript is denied.

V. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 20, 2013 motion to compel a response to request number 7 (ECF No. 31) is denied;

2. Plaintiff's December 19, 2013 and December 24, 2013 motions for extension of time (ECF Nos. 40, 42) are granted;

3. Plaintiff is granted forty-five days from the date of this order in which to file an opposition to defendants' motion for summary judgment. Defendants' reply, if any, shall be filed within seven days thereafter;

4. Plaintiff's December 19, 2013 request for an amended scheduling order (ECF No. 40) is denied; and

5. Plaintiff's December 19, 2013 request for a copy of his deposition transcript (ECF No. 41) is denied.

Dated: January 2, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

fisc2595.mtc